IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

CHRISTINE GRISSETT, individually and on behalf of all others similarly situated,

Plaintiff,

v.

VISIBLE IDEAS, INC. d/b/a RENT APP,

Defendant.

3:25-cv-13572-MGL

**CLASS ACTION COMPLAINT**

(Jury Trial Requested)

Plaintiff Christine Grissett ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action complaint against Defendant Visible Ideas, Inc. d/b/a Rent App ("Defendant" or "Rent App") and alleges as follows:

## NATURE OF THE ACTION

1. This is a class action seeking damages and injunctive relief for Defendant's systematic violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Credit Repair Organizations Act, 15 U.S.C. § 1679 et seq. ("CROA").
2. Defendant operates a rent payment platform that markets itself as helping consumers build credit through positive payment reporting to credit bureaus, while simultaneously engaging in abusive debt collection practices that directly contradict its marketing promises.
3. Defendant has violated federal consumer protection laws by: (a) failing to provide required debt validation notices under the FDCPA; (b) making false, deceptive, and misleading representations during debt collection; (c) engaging in harassment and unfair collection practices; (d) operating as an unregistered credit repair organization without providing required CROA disclosures; and (e) making materially contradictory representations about credit reporting practices.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 15 U.S.C. § 1692k(d) and 15 U.S.C. § 1679g(a) (statutory jurisdiction under the FDCPA and CROA).
5. This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business in this District and a substantial part of the events giving rise to the claims occurred in this District.

## PARTIES

7. Plaintiff Christine Grissett is an individual who resides at a rental property in Cayce, South Carolina 29033.
8. At all times relevant hereto, Plaintiff was a "consumer" as defined by 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1679a(1).
9. Defendant Visible Ideas, Inc. is a corporation incorporated and existing under the laws of Delaware, with its principal place of business in New York.
10. Defendant conducts business under the trade name "Rent App" and operates a rent payment platform accessible at **rent.app.**
11. At all times relevant hereto, Defendant (by virtue of its statements and actions) was a "debt collector" as defined by 15 U.S.C. § 1692a(6).
12. At all times relevant hereto, Defendant (by virtue of its own public statements) was a "credit repair organization" as defined by 15 U.S.C. § 1679a(3).

## FACTS

### Defendant's Business Model and Marketing Representations

13. Defendant operates a digital platform that allows tenants to make rent payments to landlords while purportedly building credit history.
14. Defendant extensively markets its service as helping consumers "build credit" and improve their credit scores through positive payment reporting to credit bureaus.
15. Defendant's marketing materials represent that it "*allows you to report your rent payments to major credit bureaus, helping you build your credit score*" and that this "*optional feature can bring you closer to homeownership by boosting your credit history*."
16. Defendant specifically markets "*unique benefits like credit building, which other payment apps don't provide*" and contrasts itself with competitors by noting that other payment apps "cannot report rent payments to credit bureaus."
17. These marketing representations create the reasonable consumer expectation that any credit reporting by Defendant would be positive and beneficial to consumers' credit profiles.

### Defendant's Debt Collection Practices

18. When consumers allegedly owe money to Defendant, it engages in debt collection activities through its "legal & collections team."

19. Defendant's debt collection practices systematically violate federal consumer protection laws and directly contradict its marketing representations.

**Plaintiff's Experience**

20. Plaintiff used Defendant's rent payment service for her residence in Cayce, South Carolina 29033.
21. On or about July 11, 2025, Defendant sent Plaintiff an aggressive collection email regarding an alleged debt of $621.
22. The email was sent by "Nils from Rent App's legal & collections team" and demanded payment within seven days.
23. Defendant's collection communication failed to include any of the disclosures required by 15 U.S.C. § 1692g, including but not limited to:

    a. The consumer's right to dispute the debt within 30 days;
    b. A statement that if the debt is disputed within 30 days, verification will be obtained;
    c. The consumer's right to request the name and address of the original creditor;
    d. A statement that the debt will be assumed valid unless disputed.

24. Instead of providing required consumer rights disclosures, Defendant's collection email contained numerous threatening and harassing statements designed to intimidate Plaintiff into payment.
25. Specifically, Defendant threatened Plaintiff with the following consequences if she did not pay within seven days:

    a. "REVERSAL OF YOUR RENT PAYMENT TO YOUR LANDLORD" taking "rental payments from up to 60 days from their account";
    b. That her "landlord will very likely start eviction procedures immediately";
    c. "LEGAL ACTIONS WILL BE TAKEN AGAINST YOU" with "filings [that] will be on your record and can impact your ability to find employment";
    d. "WE WILL CONTACT YOUR LANDLORD" about the non-payment;
    e. "DEBT COLLECTORS WILL SHOW UP AT YOUR HOUSE" unannounced;
    f. "WE WILL GARNER YOUR WAGES AND FREEZE YOUR BANK ACCOUNTS";
    g. Filing "a fraud report with your bank which can lead to bank account suspension";
    h. "WE WILL REPORT YOUR NON-PAYMENT TO THE CREDIT BUREAUS" with impact "similar to filing for bankruptcy."

26. These threats were false, misleading, and inconsistent with Defendant's legal authority and established business practices.
27. Most significantly, Defendant's threat to report negative information to credit bureaus directly contradicted its marketing promise that credit reporting would be positive and beneficial to consumers.
28. Defendant's collection communication was designed to overshadow and prevent Plaintiff from exercising her rights under the FDCPA.

29. As a result of Defendant's unlawful collection practices, Plaintiff suffered actual damages including emotional distress, anxiety, and concern about the threatened consequences.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Federal Rule of Civil Procedure 23.

31. The proposed class is defined as:

> All natural persons in the United States who, within one year prior to the filing of this action through the date of class certification: (a) were sent a debt collection communication by Defendant regarding an alleged debt; and (b) were not provided with the debt validation notice required by 15 U.S.C. § 1692g.

32. The proposed CROA subclass is defined as:

> All natural persons in the United States who, within one year prior to the filing of this action through the date of class certification, used Defendant's services after being exposed to Defendant's credit building marketing materials.

33. Excluded from the class are: (a) Defendant and its officers, directors, employees, affiliates, legal representatives, and immediate family members; (b) the Court and its staff; and (c) any judge presiding over this action.

34. The class satisfies the requirements of Federal Rule of Civil Procedure 23(a):

35. The class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) because questions of law and fact common to the class predominate over individual questions, and a class action is superior to other available methods for fair and efficient adjudication of this controversy.

## FOR A FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g
## (Failure to Provide Debt Validation Notice)

36. Plaintiff incorporates by reference all preceding paragraphs.

37. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

38. The alleged debt constitutes a "debt" within the meaning of 15 U.S.C. § 1692a(5).

39. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

40. Section 1692g of the FDCPA requires debt collectors to provide consumers with specific written notice within five days of the initial communication or in the initial communication itself.

41. Defendant's collection communication to Plaintiff was an initial communication or the functional equivalent thereof.

42. Defendant failed to provide Plaintiff with any of the disclosures required by 15 U.S.C. § 1692g, including but not limited to:

a. The amount of the debt;
b. The name of the creditor to whom the debt is owed;
c. A statement that unless the consumer disputes the validity of the debt within thirty days, the debt will be assumed to be valid;
d. A statement that if the consumer notifies the debt collector in writing within thirty days that the debt is disputed, the debt collector will obtain verification of the debt;
e. A statement that upon written request within thirty days, the debt collector will provide the consumer with the name and address of the original creditor.

43. Defendant's violations of § 1692g were knowing, willful, and intentional.

44. As a result of Defendant's violations, Plaintiff and the class are entitled to statutory damages, actual damages, and attorney's fees and costs under 15 U.S.C. § 1692k.

**FOR A SECOND CAUSE OF ACTION**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692d**
**(Harassment and Abuse)**

45. Plaintiff incorporates by reference all preceding paragraphs.

46. Section 1692d of the FDCPA prohibits debt collectors from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

47. Defendant's collection communication contained numerous threatening and harassing statements designed to intimidate and coerce payment, including threats of unannounced home visits by debt collectors.

48. The aggressive tone, multiple threats, and intimidating language in Defendant's communication constitute harassment and abuse prohibited by § 1692d.

49. Defendant's violations of § 1692d were knowing, willful, and intentional.

50. As a result of Defendant's violations, Plaintiff and the class are entitled to statutory damages, actual damages, and attorney's fees and costs under 15 U.S.C. § 1692k.

**FOR A THIRD CAUSE OF ACTION**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692e**
**(False, Deceptive, and Misleading Representations)**

51. Plaintiff incorporates by reference all preceding paragraphs.

52. Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive, or misleading representations in connection with the collection of a debt.

53. Defendant made numerous false, deceptive, and misleading representations in its collection communication, including but not limited to:

a. Threatening to file "fraud reports" with banks when no fraud occurred;
b. Threatening immediate wage garnishment and bank account freezing without legal authority or court judgment;
c. Threatening to reverse rent payments without legal basis;
d. Exaggerating the credit impact of non-payment by claiming it would be "similar to filing for bankruptcy";
e. Threatening actions inconsistent with Defendant's established business practices and marketing representations.

54. Most significantly, Defendant's threat to report negative credit information directly contradicted its marketing representations that credit reporting would be positive and beneficial to consumers.

55. These representations were likely to deceive consumers and had the capacity to mislead consumers acting reasonably under the circumstances.

56. Defendant's violations of § 1692e were knowing, willful, and intentional.

57. As a result of Defendant's violations, Plaintiff and the class are entitled to statutory damages, actual damages, and attorney's fees and costs under 15 U.S.C. § 1692k.

**FOR A FOURTH CAUSE OF ACTION**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692f**
**(Unfair Practices)**

58. Plaintiff incorporates by reference all preceding paragraphs.

59. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt.

60. Defendant's collection practices constitute unfair and unconscionable means, including but not limited to:

a. Threatening wage garnishment (including in a state, South Carolina, that prohibits wage garnishment for consumer obligations) without obtaining a court judgment;
b. Threatening to freeze bank accounts without legal authority;
c. Threatening actions that require court orders while presenting them as immediate consequences;

d. Using the consumer's rent payment relationship to threaten housing stability through eviction.

61. These practices are inherently unfair and unconscionable and prohibited by § 1692f.

62. Defendant's violations of § 1692f were knowing, willful, and intentional.

63. As a result of Defendant's violations, Plaintiff and the class are entitled to statutory damages, actual damages, and attorney's fees and costs under 15 U.S.C. § 1692k.

**FOR A FIFTH CAUSE OF ACTION**
**VIOLATION OF THE CREDIT REPAIR ORGANIZATIONS ACT**
**15 U.S.C. § 1679c**
**(Failure to Provide Required Disclosures)**

64. Plaintiff incorporates by reference all preceding paragraphs.

65. Defendant is a "credit repair organization" within the meaning of 15 U.S.C. § 1679a(3) because it provides services for the express purpose of improving consumers' credit records, credit histories, or credit ratings.

66. Plaintiff and the CROA subclass are "consumers" within the meaning of 15 U.S.C. § 1679a(1).

67. Section 1679c of the CROA requires credit repair organizations to provide consumers with specific written disclosures before any contract or agreement is executed or any money is paid.

68. Defendant failed to provide Plaintiff and the CROA subclass with the required disclosures, including but not limited to:

a. Information about consumer rights under the CROA;
b. A statement of the consumer's right to cancel within three business days;
c. The written contract requirements under the Act;
d. Prohibition on advance fee payments.

69. Defendant's violations of § 1679c were knowing, willful, and intentional.

70. As a result of Defendant's violations, Plaintiff and the CROA subclass are entitled to actual damages, statutory damages, punitive damages, and attorney's fees and costs under 15 U.S.C. § 1679g.

**FOR A SIXTH CAUSE OF ACTION**
**VIOLATION OF THE CREDIT REPAIR ORGANIZATIONS ACT**
**15 U.S.C. § 1679b**
**(Prohibited Practices)**

71. Plaintiff incorporates by reference all preceding paragraphs.

72. Section 1679b of the CROA prohibits credit repair organizations from making untrue or misleading statements regarding any consumer's credit worthiness, credit standing, or credit capacity.
73. Defendant violated § 1679b by making materially inconsistent and misleading representations about its credit reporting practices, specifically:

a. Marketing that credit reporting would be positive and beneficial while simultaneously threatening negative credit reporting as a collection tactic;
b. Misrepresenting the nature and consequences of credit reporting;
c. Making misleading statements about the impact of non-payment on consumers' credit profiles.

74. These contradictory representations constitute prohibited practices under the CROA.
75. Defendant's violations of § 1679b were knowing, willful, and intentional.
76. As a result of Defendant's violations, Plaintiff and the CROA subclass are entitled to actual damages, statutory damages, punitive damages, and attorney's fees and costs under 15 U.S.C. § 1679g.

## FOR A SEVENTH CAUSE OF ACTION
## VIOLATION OF THE CREDIT REPAIR ORGANIZATIONS ACT
## 15 U.S.C. § 1679b(b)
## (Advance Fee Prohibition)

77. Plaintiff incorporates by reference all preceding paragraphs.
78. Section 1679b(b) of the CROA prohibits credit repair organizations from collecting any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform before such service is fully performed.
79. Upon information and belief, Defendant collected fees from Plaintiff and the CROA subclass while promising credit building services that were not fully performed.
80. Defendant's collection of advance fees while operating as a credit repair organization violates § 1679b(b).
81. Defendant's violations of § 1679b(b) were knowing, willful, and intentional.
82. As a result of Defendant's violations, Plaintiff and the CROA subclass are entitled to actual damages, return of all fees paid, and attorney's fees and costs under 15 U.S.C. § 1679g.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court:

A. Certify this action as a class action under Federal Rule of Civil Procedure 23;

B. Appoint Plaintiff as the representative of the class and appoint her counsel as class counsel;

C. Enter judgment against Defendant for violations of the FDCPA and CROA;

D. Award actual damages to Plaintiff and the class;

E. Award statutory damages to Plaintiff and the class in the amount of $1,000 per violation under the FDCPA and appropriate statutory damages under the CROA;

F. Award punitive damages where appropriate under the CROA;

G. Order restitution and return of all fees paid by the CROA subclass;

H. Award reasonable attorney's fees and costs under 15 U.S.C. § 1692k(a)(3) and 15 U.S.C. § 1679g(a);

I. Enter appropriate injunctive relief requiring Defendant to comply with the FDCPA and CROA;

J. Award pre- and post-judgment interest; and

K. Grant such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield

Dave Maxfield, Esq., FED ID 6293
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com

November 24, 2025